Eastern District of Kentucky
FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

MAY 17 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**NOT FOR PUBLICATION OR CITATION**

CIVIL ACTION NO. 04-CV-209-KSF

TOMMY HUBBS     PLAINTIFF

VS:     **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.     DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendants' motion to dismiss or, in the alternative, for summary judgment in their favor. For the reasons discussed below, the motion will be granted.

BACKGROUND

The plaintiff is currently incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky. On his behalf, on April 19, 2004, counsel initiated the instant action in state court, with the filing of a civil rights complaint about the conditions of the plaintiff's confinement. On May 10, 2004, the case was removed to this Court by the federal defendants, pursuant to 28 U.S.C. §2679. After an initial amendment was made to correct the plaintiff's first name in the record,[1] the defendants brought the instant motion and, the following month, counsel for the plaintiff moved to withdraw as counsel of record. On February 24, 2005, the Court granted Plaintiff's counsel permission to withdraw and also granted the plaintiff 60 days in which to find new counsel and have

---

[1] The complaint [Record No. 1] named Ricky Lee Hubbs as the plaintiff. Upon the defendants' motion to dismiss, grounded in Ricky Lee Hubbs' not being the proper plaintiff, counsel admitted that the mistake was his, hurriedly made at the eleventh hour before the running of Kentucky's one-year statute of limitations. The true prisoner-plaintiff's name was established to be Tommy Hubbs, and an appropriately amended complaint was filed [Record No. 4]; the Court then ordered the defendants' first motion to dismiss denied [Record No. 8].

counsel respond to the pending motion to dismiss.

More than sixty days have now passed with no response of any kind from the plaintiff. The Court now has before it, on behalf of the plaintiff, only his original complaint [Record No. 1] and amendment [Record No. 4]. He has claimed therein that he is an inmate in the Federal Medical Center ("FMC") in Lexington, Kentucky, and that he has a medical condition which requires special care for his extremities. The plaintiff alleges that he was denied proper medical care with the result that he developed sepsis and gangrene of his lower extremities such that both of his legs required amputation, a surgery which occurred on or about April 19, 2003.

The plaintiff has named as defendants the United States of America, the Federal Bureau of Prisons ("BOP"), FMC-Lexington, Warden Joe Booker, and John Doe doctors who cared for the plaintiff at the prison. He urges two claims, alleging that the defendants (1) were deliberately indifferent to his serious medical needs and (2) were also negligent. The plaintiff seeks a trial by jury and damages, including punitive damages.

The defendants, by counsel, have responded to the complaint and amendment with the instant motion to dismiss or for summary judgment, an incorporated memorandum, and several attached exhibits [Record No. 9]. They make six arguments for dismissal and also argue that summary judgment would be appropriate for any of these same reasons. The Court will not chronicle them all, as it is not necessary to do so.

## APPLICABLE STANDARDS

To state a claim that is cognizable as an action pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), the plaintiff must plead two essential elements. The plaintiff must show, first, that he or she has been deprived of rights secured by the

2

Constitution or laws of the United States and, second, that the defendants allegedly depriving him or her of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397. In essence, the defendants' position is that the instant plaintiff has not and cannot establish the first of these elements, *i.e.*, that his federal rights were violated.

The Court also examines the standards the defendants must reach for dismissal or for summary judgment. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is available if the claimant fails to state a claim upon which this Court may grant relief. Additionally, the rule continues, in pertinent part, as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). Because the Court considers the declarations of Warden Booker and Joseph Tang, which are attached to their motion, the Court has also studied the standards for granting summary judgment.

In determining a motion for summary judgment, the Court must determine that there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986). A court must look beyond the pleadings and assess the proof to determine

3

whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

In deciding a motion for summary judgment, therefore, the moving party has the burden of showing there is an absence of evidence to support a claim. *Id.* at 324-25. After a moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-movant completely fails to prove an essential element of his or her case, then all other facts are rendered immaterial. *Id.* at 322-23.

Because the instant defendants contend both that the plaintiff has failed to meet the applicable standards for stating a claim under the Eighth Amendment and that Defendant Booker is entitled to qualified immunity, the Court examines the standard for the latter, also. Qualified immunity is described as follows: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There is a tripartite procedure for evaluating claims of qualified immunity, the first step of which is to determine whether a constitutional violation occurred. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996).

Therefore, the question of whether moving defendants are entitled to qualified immunity is the same as the initial *Bivens* question herein, *i.e.*, whether the plaintiff has established that a constitutional violation occurred. The plaintiff has the burden of establishing both that his rights

4

were violated and that the defendants are not entitled to qualified immunity. *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991); *Williams v. Mehra*, 186 F.3d 685, 692-93 (6th Cir. 1999) (quoting *Celotex*, 477 U.S. at 322).

With these standards in mind, the Court proceeds to apply these standards to the instant motion. Even when a non-movant fails to respond to a motion for summary judgment, the district court must still "examine the movant's motion . . . to ensure that he has discharged [his] burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

## DISCUSSION

As the defendants point out, the federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *see also Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. at 166. The United States has not waived its sovereign immunity to monetary damages for constitutional torts, and so the United States is entitled to dismissal for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The plaintiff herein has named as defendants FMC-Lexington and the BOP, clearly units of the federal government, as defendants. The BOP is clearly an agency and to the extent that the FMC is a separate entity, they are both subdivisions and/or agencies of the United States, and thus, they are both immune from suit under the civil rights statutes upon which the plaintiff relies. *See Savage v. United States*, 450 F.2d 449,

5

451 (8th Cir. 1971) (42 U.S.C. §1983), *cert. denied*, 405 U.S. 1043 (1972); *Smallwood v. United States*, 358 F.Supp. 398 (E.D. Mo.) (42 U.S.C. §1985), *aff'd*, 486 F.2d 1407 (8th Cir. 1971).

Plaintiff may not, however, avoid the bar of sovereign immunity simply by naming federal officers of the United States as defendants. *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115 (6th Cir. 1988) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982)). When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 874-75 (9th Cir. 1975). Accordingly, Warden Booker, too, is protected by sovereign immunity to the extent he is sued in his official capacity and the claims against him in such a role will be dismissed.

Therefore, only the constitutional and negligence claims against Warden Booker in his individual capacity and against the John Doe defendants remain. First, with regard to the constitutional claims, *Davis v. Passman*, 442 U.S. 228 (1979), allows federal jurisdiction under 28 U.S.C. §1331 for damages against the federal defendants--only in their individual capacities and only where the conduct rises to the level of a constitutional violation. The plaintiff's sole constitutional claim is that the defendants were deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment rights.

"In order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id. See also*

6

*Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The instant prisoner-plaintiff has not alleged any facts which would support a claim that the warden showed deliberate indifference, and so he is entitled to dismissal of the constitutional claim against him in his individual capacity. Even had the petitioner alleged such conduct, Warden Booker has declared that he did not, in fact, have any role in the plaintiff's medical care, and the plaintiff has not refuted that sworn statement.

Nor can the warden be held liable in a supervisory role. *Respondeat superior* is inapplicable to *Bivens* actions. *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1990) (citing *Noll v. Petrovsky*, 828 F.2d 461, 462 (8th Cir. 1987), cert. denied, 484 U.S. 1014 (1988); *Lojuk v. Quandt*, 706 F.2d 1456, 1468 (7th Cir. 1983); *Miller v. Barry*, 225 App. D.C. 407, 698 F.2d 1259, 1260 (D.C. Cir. 1983) (per curiam); *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 872 (6th Cir.), cert. denied, 459 U.S. 833 (1982); *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir. 1981); *Dean v. Gladney*, 621 F.2d 1331, 1336 (6th Cir. 1980), cert. denied, 450 U.S. 983 (1981); *cf. Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989) (municipality cannot be held liable in *Bivens* action under *respondeat superior*).

There is still another ground to support the warden's dismissal. It is true that exhaustion of available administrative remedies is now congressionally mandated, in 42 U.S.C. §1997e(a). The Supreme Court of the United States has examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Exhaustion must be demonstrated with regard to each defendant and each claim. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). "[A] prisoner [must] file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The administrative documents attached to the defendants' current motion reveal that the instant plaintiff did not mention the warden as a participant in the complained-of medical care, or lack of care, throughout the BOP administrative remedy process but, inexplicably, he then named the warden as a defendant in his subsequent lawsuit. Having failed to complain of the warden in the administrative scheme, the plaintiff is barred from proceeding against the warden in Court. *Id.*

The administrative documents also reveal that the plaintiff had complained that FMC-Lexington's "medical staff" had provided inadequate care, and he identified two specific staff persons, Dr. Dankwa and Dr. Grouse. However, the plaintiff has not named either of them as defendants administratively. Therefore, they are not a part of the instant litigation. As to unidentified defendants, it is now more than a year since the instant lawsuit was filed, and yet the John Doe medical staff defendants have never been identified and served. Federal Rule of Civil Procedure 4 provides in pertinent part as follows:

8

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed.R.Civ.P. 4(m). Therefore, the claims against said John Doe defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Finally, with regard to the alleged negligence claims, the terms of the Federal Tort Claims Act ("FTCA") require exhaustion of its separate administrative remedy procedures before a claimant can file a lawsuit against a federal official. *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). That process begins with the claimant's presentment of his claim to the regional office of the Bureau of Prisons in the region where the tort happened, within two years after the claim accrued. *See* 28 U.S.C. §2675(a); 28 C.F.R. §543.30 *et seq.*

According to the government, the instant plaintiff began the FTCA's administrative procedures on May 11, 2004, but the claim had not yet been exhausted at the time of the filing of the instant motion to dismiss. Therefore, until exhaustion of the claim administratively, this Court does not have subject matter jurisdiction to hear the claim and dismissal without prejudice is appropriate. Even if the plaintiff has by now been denied relief in that proceeding, dismissal of the purported negligence claim herein will not bar a future lawsuit under the FTCA. The United States is the only proper defendant in an FTCA action. 28 U.S.C. §§1346(b), 2401(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1387 (9th Cir. 1984).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The motion of the defendants to dismiss or for summary judgment [Record No. 9] is **GRANTED**, to the extent that (a) the following are **DISMISSED WITH PREJUDICE**: all claims against the United States, the Federal Bureau of Prisons, FMC-Lexington, and Warden Joe Booker, in his official and individual capacities; and (b) the following are **DISMISSED WITHOUT PREJUDICE**: negligence claims under the FTCA and all claims against the John Doe defendants.

(2) This action is **DISMISSED**, and a separate Judgment shall be entered contemporaneously herewith.

This the 17th day of May, 2005.

_KSF_
KARL S. FORESTER, SENIOR JUDGE